# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| AMY J. PENNELL *guardian of* | * | |
| *minor, M.L.P.*, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-257V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 5, 2022, Amy Pennell ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 27). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$4,590.50.**

### I. Procedural History

On March 6, 2020, Petitioner, as guardian of M.L.P, a minor, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that M.L.P. suffered from a severe adverse reaction, including postural tachycardia syndrome and small fiber neuropathy, as a result of receiving the Gardasil vaccine on March 8, 2017. *See* Petition (ECF No. 1). On October 6, 2021,

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

petitioner filed a motion for a decision dismissing her petition, indicating that she had decided to "opt out of the Vaccine Program" and that "she wishes to pursue a third-party action in district court against Merck directly." Pet. Mot. at ¶ 3 (ECF No. 19). On October 7, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No. 20).

On April 5, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for her attorney, Mr. Andrew Downing, in the total amount of $4,590.50 representing $4,590.50 in attorneys' fees and $0.00 in costs. Fees App. at 7. Pursuant to General Order No. 9, Petitioner warrant she has not personally incurred any costs in pursuit of this claim. *Id.* at 8. Respondent reacted to the fees motion on April 19, 2022, stating that "Respondent defers to the Special Master whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and indicating that "[i]f the Special Master determines that an award of fees and costs is legally available, the Federal Circuit has made it clear that "the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Response at 2 (citing *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (ECF No. 28). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Here, upon my review of the record, I am satisfied that Petitioner filed her petition in good faith belief that M.L.P.'s vaccination caused her alleged injuries, and that the case had a reasonable basis to proceed for as long as it did. I also note that Respondent has not raised *any* argument in his response indicating a lack of good faith or reasonable basis in this case. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following hourly rates for the work of her counsel, Mr. Andrew Downing: $385.00 per hour for work performed in 2021 and $415.00 per hour for work performed in 2022. I find these rates to be consistent with what Mr. Downing has previously been awarded for his Vaccine Program work, and they are reasonable herein for work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries accurately describe the work being performed and the length of time it took to perform each task and Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$4,590.50**.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $4,590.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$4,590.50** |
| | |
| Attorneys' Costs Requested | $0.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$0.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$4,590.50** |

**Accordingly, I award a lump sum in the amount of $4,590.50, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and her attorney, Mr. Andrew Downing.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master